CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FERN DUMIRE, for M.R., a minor child, | ) ) ) Civil Action No. 7:06CV00444 |
| Plaintiff, | ) ) ) **MEMORANDUM OPINION** |
| v. | ) ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Hon. Glen E. Conrad ) United States District Judge ) |
| Defendant. | ) ) |

Fern Dumire has filed this action on behalf of her grandchild, M.R., challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for child's supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(d). Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

By order entered September 12, 2006, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted a report in which he recommends that the Commissioner's final decision be affirmed. Plaintiff has filed objections to the magistrate judge's Report and Recommendation.

Fern Dumire filed an application for child's supplemental security income benefits on behalf of M.R. on January 28, 2004.[1] In filing an application, plaintiff alleged that he had been disabled since May 2003 due to a learning disability. Plaintiff's claim was denied upon initial consideration and and reconsideration. He then requested and received a <u>de novo</u> hearing and review before an Administrative Law Judge. In an opinion dated April 17, 2006, the Law Judge also concluded that

---

[1] For purposes of consistency and clarity, M.R. shall hereinafter be referred to as the plaintiff in this case.

plaintiff is not entitled to child's supplemental security income benefits. The Law Judge found that plaintiff suffers from a learning disability. While the Law Judge considered plaintiff's condition to be severe, he ruled that the condition does not meet or equal any listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. The Law Judge found that plaintiff experiences a "marked" limitation in his ability to acquire and use information. However, in all other respects, the Law Judge determined that plaintiff's limitations are less than marked. Thus, the Law Judge also concluded that plaintiff's impairments are not functionally equivalent in severity to any listed impairment. Based on the finding that plaintiff is not disabled, the Law Judge concluded that plaintiff is not entitled to child's supplemental security income benefits. See generally, 20 C.F.R. § 416.924. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, plaintiff then appealed to this court.

Under 42 U.S.C. § 1382c(a)(3)(C)(i), disability, for purposes of child's supplemental security income benefit claims, is defined as follows:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The regulations relevant to the instant case are set forth under 20 C.F.R. § 416.924, et seq. Under 20 C.F.R. § 416.924, a three-step test is established for purposes of adjudication of a claim for child's supplemental security income benefits. The first determination is whether the child is working and performing substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not working, it must then be decided whether the child suffers from a severe (more than slight or minimal) impairment or combination of impairments. 20 C.F.R. § 416.924(c). If the child suffers from a severe impairment,

2

or combination of impairments, it must then be determined whether the child's impairment(s) meet, medically equal, or functionally equal an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404. 20 C.F.R. §416.924(d). Provisions for determination of medical equivalence are established under 20 C.F.R. § 416.926. Provisions for determination of functional equivalence are established under 20 C.F.R. § 416.926a. Stated generally, to functionally equal a listed impairment, a child must demonstrate one "extreme" limitation in one area of functioning or domain, or show "marked" limitations in two areas of functioning or domains. 20 C.F.R. § 416.926a(d). There are six areas of functioning to be considered: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R.§ 416.926a(b)(1).

As previously noted, the case is currently before the court on the Report and Recommendation of the United States Magistrate Judge. The magistrate judge found, and all parties agree, that plaintiff is not working and that his learning disability is severe. It is also undisputed at this point that plaintiff's learning disability does not meet or medically equal a listed impairment. The magistrate judge also concluded that there is substantial evidence to support the Administrative Law Judge's finding that plaintiff's learning disability does not functionally equal a listed impairment. Stated succinctly, the magistrate judge found substantial evidence to support the determination that plaintiff experiences a marked limitation in his ability to acquire and use information. However, the magistrate judge agreed that the record supports the finding that plaintiff's limitations are less than marked in any of the other areas of functioning set forth under 20 C.F.R. § 416.926a(b)(1). In objecting to the magistrate judge's Report and Recommendation, plaintiff argues that he also suffers from a marked limitation in his capacity to attend and complete tasks.

After conduct of a de novo review of the administrative record, the court is constrained to agree that plaintiff has established a marked impairment in only one area of functioning. It is true that the testimony of plaintiff's grandmother, and the reports from several of his teachers, indicate that plaintiff experiences difficulties attending and completing tasks. However, as cited by the Administrative Law Judge and recognized by the magistrate judge, all of the medical sources in this case support the finding that plaintiff's ability to attend and complete tasks is not impaired to a marked degree. Furthermore, the reports from plaintiff's treating counselor also indicate that he does not suffer from marked impairment, and that he has actually made progress in his level of achievement. Objective psychological tests also confirm that plaintiff's capacity to apply himself and execute tasks is no more than moderately impaired.

Based on the record before the court, the court concludes that there is ample evidence upon which the Law Judge might reasonably find that plaintiff does not experience a marked impairment in his capacity to attend and complete tasks. Accordingly, plaintiff's objections to the magistrate judge's Report and Recommendation will be overruled, and the Report and Recommendation will be adopted.

An order and judgment in conformity will be entered this day. The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 24th day of July, 2007.

_____
United States District Judge